UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-14033-CR-ZLOCH

UNITED STATES,

    Plaintiff,

vs.                                          **O R D E R**

MONTAS PETIT HOMME,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Montas Petit Homme's Motion To Correct A Sentence (DE 62), and Motion To Correct A Sentence (DE 63).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Defendant was convicted by a jury of possession with intent to distribute cocaine base ("crack cocaine").  DE 51.  Based on the nature of the offense, a statutory mandatory minimum term of imprisonment of 10 years applied.  See Pre-sentence Report ¶ 54. Thereafter, Defendant was sentenced to 121 months in prison, the low end of his sentencing guidelines.  DE 55.

    Previously, Defendant filed his Motion To Reduce Sentence (DE 56), arguing that retroactive amendments to the United States Sentencing Guidelines Manual reduce the guideline applicable to this action.  By operation thereof, in conjunction with the statutory mandatory minimum, the lower end of Defendant's sentencing guideline was reduced from 121 to 120 months.  By prior Order (DE 59), the Court denied the Motion.  The sole ground articulated in said prior Motion (DE 56) was that the amendment to

the sentencing guidelines relating to crack cocaine offenses operated to reduce his guidelines.

Defendant then filed the instant Motions (DE Nos. 62 & 63), arguing that both the Judge at the time of sentencing and this Court in ruling on his Motion To Reduce (DE 56) failed to give effect to § 5C1.2 of the sentencing guidelines. That section provides that a defendant may be sentenced without regard to any otherwise applicable statutory mandatory minimum sentence if certain criteria are met. In the instant Motions, Defendant does not raise any other argument as to why his sentence should be reduced.

As a general rule, once sentence has been imposed it cannot be modified except in limited circumstances. <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003) (noting that "Congress has allowed for limited exceptions to the rule of finality"). Once imposed, a sentence may thereafter be reduced only (1) upon motion by the Director of the Bureau of Prisons, (2) pursuant to Federal Rule of Criminal Procedure 35, or (3) if the prisoner's guidelines have been retroactively reduced. 18 U.S.C. § 3582(c). No guideline related to the applicability of § 5C1.2 of the sentencing guidelines has been amended, and no motion from the Director of the Bureau of Prisons is before the Court. Thus, Defendant must rely on Rule 35.

Rule 35 allows the Court to reduce a sentence only upon motion by the Government or otherwise within seven days after sentencing. Fed. R. Crim. P. 35(a)-(b). No motion from the Government is before the Court. Moreover, Defendant's sentence was imposed on

October 16, 2003.  See DE 55.  Thus, more than seven days have elapsed, and the Court has no authority derived from either statute or Rule to reduce Defendant's sentence for possible misapplication of § 5C1.2 of the sentencing guidelines.  18 U.S.C. § 3582(c). Finally, the Court has no inherent authority to modify a sentence thought to be improperly imposed.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Montas Petit Homme's Motion To Correct A Sentence (DE 62) and Motion To Correct A Sentence (DE 63) be and the same are hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    31st    day of October, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Montas Petit Homme, pro se
74890-004
NEOCC
2240 Hubbard Road
Youngstown, OH 44505